O’BRIEN,
dissenting.
As to all of Lander’s claims, perspective is critical. Infinite is the universe of issues that could, and perhaps do, affect education. Within that universe is a subset of factors, almost infinite, that may impact the performance of teachers, staff and administrators. But not every factor does, or should, engage the attention of the public. Looming personal issues are not of equal dimension to a distant observer. Often they are regarded by the wider audience as simply banal; lost in the flood of daily decisions necessary to school administration. To the discerning eye, Lander may even be correct, and Bunchman wrong, on the merits of any one or all of these issues, but even being right does not elevate this debate from the principal’s office to the boardroom, the pulpit or the commons.
We can push 12(b)(6) inferences to their outer limits, but doing so does not inform the debate. Lander’s quarrels with the school administration are “more properly viewed as essentially a private matter between employer and employee.” Edwards v. City of Goldsboro, 178 F.3d 231, 247 (4th Cir.1999) (quotation and citation omitted). So, I dissent.

1. Technology Budget

Lander contends her statements regarding the waste of technology resources touched on a matter of public concern— harmful and wasteful spending of technology resources. The majority characterizes her claim as a comment on malfeasance. However, we do not look solely to the content of the statement, but “focus[ ] on the motive of the speaker in analyzing whether the speech qualifies as a matter of public concern, i.e., whether the speech was calculated to disclose misconduct or dealt with only personal disputes and grievances with no relevance to the public interests. Conaway v. Smith, 853 F.2d 789, 796 (10th Cir.1988); see also Callaway v. Hafeman, 832 F.2d 414, 417 (7th Cir.1987) (“while the content of [plaintiffs] communications touched upon an issue of public concern generally ... such speech *222 stands unprotected from employer scrutiny when uttered in the pursuit of purely private interests”); Terrell v. Univ. of Texas Sys. Police, 792 F.2d 1360, 1362 (5th Cir.1986) (“the mere fact that the topic of the employee’s speech was one in which the public might or would have had a great interest is of little moment”); Linhart v. Glatfelter, 771 F.2d 1004, 1010 (7th Cir.1985) (citing Connick v. Meyers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983)) (the Connick test “requires us to look at the point of the speech in question: was it the employee’s point to bring wrongdoing to light? Or to raise other issues of public concern, because they are of public concern? Or was the point to further some purely private interest?”). As a result, while speech concerning the use of public funds generally touches upon a matter of public concern, “criticisms of internal management decisions [and] ... the details of internal budgetary allocations at an institution of public education are not matters of public concern.” Gardetto v. Mason, 100 F.3d 803, 813-14 (10th Cir.1996) (quotations and citations omitted).
Allowing all reasonable inferences, the content, context, and form of Lander’s speech reveals it to address only a narrow internal management decision which affected her personally. Specifically, she challenged internal budgetary allocations made without her blessing and contrary to the wishes of some of the affected faculty. The majority attaches much importance to Bunchman’s possible motivation in allowing the spouse of a school board member to expend the funds. But it was Bunch-man, not Lander, who brought this fact to light — and Lander’s Complaint makes no reference to malfeasance.
More important, Lander does not demonstrate, or even allege, the actual amount of supposedly squandered funds, the amount of the technology budget, or the relationship the technology budget bears to the budget of the school or district. Significantly, she does not claim systemic or even widespread waste, merely one isolated incident of intense concern to her and perhaps a few others who felt their ox was being gored. Criticism of internal budgetary decisions, which are not even alleged to have substantially or detrimentally affected the overall school budget or the welfare of the children, is micro, not macro, economics. Litigating minutia is probably more debilitating to the school than the supposed wrongs which motivated the litigation.
The roles of the parties also impact the analysis. Lander was an employee with specific responsibilities and input regarding technology, a role which distinguishes her from a concerned citizen. See also Craven v. Univ. of Colo. Hosp. Auth., 260 F.3d 1218, 1226-27 (10th Cir.2001) (citing Connick, 461 U.S. at 147, 103 S.Ct. 1684) (speech was not a matter of public concern as “Plaintiff was obviously speaking as an employee — not as a citizen.”). Not “all matters which transpire within a government office are of public concern ... such a presumption would mean that virtually every remark ... would plant the seed of a constitutional case.” Id. (citation and quotations omitted). Consequently, the purpose of Lander’s complaint regarding the technology budget was not to discuss a matter of public concern, but to challenge the principal on matters of internal budgeting that circumvented Lander. An employee’s speech can form the basis of a civil rights suit only “when the employee spoke ‘as a citizen upon matters of public concern’ rather than ‘as an employee upon matters only of personal interest.’ ” United States v. Nat’l Treasury Employees Union, 513 U.S. 454, 466, 115 S.Ct. 1003, 130 L.Ed.2d 964, (1995), quoting Connick, 461 U.S. at 147, 103 S.Ct. 1684.

*223
2. Reduction of Classroom Time

Lander was unhappy about Bunchman’s requirement that she teach back-to-back half-hour classes on Fridays, with no breaks or passing periods between student groups. She complained “that half hour lessons were inadequate and would deprive students of a quality education____” (Appellant’s App. at. 8.) Lander maintains this statement touched on a matter of public concern, as it raised issues regarding the proper instruction and/or learning of the children in a public school.
Because of the public’s general and abiding interest in education, the notion that this statement has such impact offers superficial appeal. However, as stated earlier, we must look beyond the general topic of public education to review Lander’s actual statements. Moore v. City of Wynnewood, 57 F.3d 924, 932 (10th Cir.1995). Much like our determination in Saye v. St. Vrain School Dist. RE-1, the length of a technology class is not a matter likely to capture the imagination of general public. 785 F.2d 862, 866 (10th Cir.1986) (allocation of aide time among teachers does not give rise to public concern). Lander’s statement was that of an employee voicing a personal grievance with her employer— her work schedule. That is not the public’s concern. See Edwards, 178 F.3d at 247. Moreover, the coincidence of the “children’s needs” and Lander’s convenience is notable.

3. Working the Last Day of Class

In response to Bunchman’s requirement that all media specialists teach classes through the last day of school, Lander complained to the administration and education association on behalf of the media specialists, “that this requirement made it impossible for these teachers to complete their job duties without working unpaid overtime and that the requirement was detrimental to the maintenance of school equipment and the efficient functioning of the school libraries.” (Appellant’s App. at 8.) She asserts this statement also touched on a matter of public concern as it addressed inefficiency, waste of resources, and employee performance.
Looking at the context, form, and content of Lander’s statement, it clearly involved a grievance about the terms and conditions of employment. Allegations of an internal personnel issue involving a few employees and a narrow issue is simply not a matter of public concern. See also Finn v. New Mexico, 249 F.3d 1241, 1247 (10th Cir.2001) (distinguishing between statements of public concern and those of personal concern). The fact that her statement was made on behalf of other media specialists helps her not a whit. To the contrary, it supports the view that this was an internal personnel matter, and a minor one. While it may have been of legitimate, perhaps intense, concern to the media specialists, it was personal to them, internal to the school and of limited reach. To hold otherwise is to allow any public employee’s grievance with his/her workload or schedule to rise to a matter of public concern, as long as the pleadings alleged a resulting inefficiency or detriment to the public services involved.
I would affirm the decision of the district court.